UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Viann Bonoan and Ronald Musto, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> American Express Company, <br><br> Defendant. | ) Case No: 1:19-cv-01782 <br> ) <br> ) CLASS ACTION COMPLAINT <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Nature of this Action**

1. Viann Bonoan and Ronald Musto (together "Plaintiffs") bring this class action against American Express Company ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district and as Defendant resides in this District.

**Parties**

5. Ms. Bonoan is a natural person who at all relevant times resided in Humble, Texas.

1

6. Mr. Musto is a natural person who at all relevant times resided in Exeter, Pennsylvania.

7. Defendant is a company headquartered in New York City, New York.

**Factual Allegations**

8. In June 2017, Ms. Bonoan obtained a new cellular telephone number—(281) XXX-9685.

9. Ms. Bonoan is the regular and sole user of her cellular telephone number.

10. Ms. Bonoan received a number of calls from Defendant since she obtained her cellular telephone number.

11. Defendant placed at least two calls to Ms. Bonoan's cellular telephone number on July 13, 2018 from telephone number (623) 492-8037.

12. When dialed, telephone number (623) 492-8037 delivers a prerecorded message that states: "Thank you for calling American Express . . . ."

13. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Ms. Bonoan's cellular telephone number.

14. Ms. Bonoan is not, nor was, one of Defendant's customers.

15. Ms. Bonoan does not, nor did, have any business relationship with Defendant.

16. Ms. Bonoan did not provide her cellular telephone number to Defendant.

17. Ms. Bonoan did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

18. Upon information and good faith belief, Defendant placed its calls to Ms. Bonoan's cellular telephone number in an effort to reach Harold Cortez.

19. Ms. Bonoan does not know Mr. Cortez.

20. Mr. Musto is the regular and sole user of his cellular telephone number—(570) XXX-1283.

21. Mr. Musto received a number of calls from Defendant since he obtained his cellular telephone number.

22. Defendant placed at least one call to Mr. Musto's cellular telephone number from telephone number (855) 618-2434.

23. When dialed, telephone number (855) 618-2434 connects to an individual who states: ". . . you have reached American Express . . . ."

24. Defendant placed more than one call to Mr. Musto's cellular telephone number from telephone number (877) 443-0144.

25. When dialed, telephone number (877) 443-0144 connects to an individual who states: "American Express . . . ."

26. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Mr. Musto's cellular telephone number.

27. Mr. Musto is not, nor was, one of Defendant's customers.

28. Mr. Musto does not, nor did, have any business relationship with Defendant.

29. Mr. Musto did not provide his cellular telephone number to Defendant.

30. Mr. Musto did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

31. Upon information and good faith belief, Defendant placed its calls to Mr. Musto's cellular telephone number in an effort to reach Oscar or Brandi.

32. Mr. Musto does not know Oscar or Brandi.

33. On more than one occasion Mr. Musto answered a call from Defendant.

34. During the ensuing conversations Mr. Musto informed Defendant that it dialed a wrong number, and asked Defendant to stop placing calls to his cellular telephone number.

35. Defendant, nonetheless, continued to place calls to Mr. Musto's cellular telephone number.

36. Defendant references its use of "automatic dialing equipment" in its online terms and conditions.[1]

37. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using an automatic telephone dialing system.

38. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018)

39. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in

---

[1] *See* https://online.americanexpress.com/myca/status/us/docs/common/pdf/en_US/AlertsAndPaperlessTandC.pdf (last visited February 19, 2019).

predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

40. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers for non-emergency purposes.

41. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers voluntarily.

42. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers under its own free will.

43. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone numbers.

44. Plaintiffs suffered actual harm as a result Defendant's calls in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

45. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

46. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following class:

> All persons throughout the United States (1) to whom American Express Company placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of American Express Company's calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

47. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

48. Also excluded from the class are settlement class members in *Ossola, et al. v. American Express Company, et al.*, No, 1:13-cv-04836 (N.D. Ill.).

49. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

50. The exact number of the members of the class is unknown to Plaintiffs at this time, and can be determined only through appropriate discovery.

51. The members of the class are ascertainable because the class is defined by reference to objective criteria.

52. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

53. Plaintiffs' claims are typical of the claims of the members of the class.

54. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers.

55. Plaintiffs' claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

56. Plaintiffs' claims are based on the same theories as are the claims of the members of the class.

57. Plaintiffs suffered the same injuries as the members of the class.

58. Plaintiffs will fairly and adequately protect the interests of the members of the class.

59. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

60. Plaintiffs will vigorously pursue the claims of the members of the class.

61. Plaintiffs have retained counsel experienced and competent in class action litigation.

62. Plaintiffs' counsel will vigorously pursue this matter.

63. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the class.

64. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

65. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   b. Defendant's violations of the TCPA;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

   d. The availability of statutory penalties.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

67. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

68. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

69. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

70. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

71. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

72. The pursuit of Plaintiffs' claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

73. There will be little difficulty in the management of this action as a class action.

74. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

75.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-74.

76.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers without consent.

77.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as a class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiffs' cellular telephone numbers, and to the cellular telephone numbers of members of the class;

f) Awarding Plaintiffs and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiffs and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiffs and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all triable issues.

Date: February 26, 2019

*/s/ Brittany Weiner*
Brittany Weiner
Imbesi Law P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
Phone: (646) 767-2271
Fax: (212) 658-9177
brittany@lawicm.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com

Gary M. Klinger (*pro hac vice* application to be filed)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 312.283.3814

Fax: 773.496.8617
gklinger@kozonislaw.com

Counsel for Plaintiffs and the proposed class